U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED LAFAYETTE

OCT 15 2014

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

Wilkinson Rental Tools LLC, et al         Civil Action 14-02482

versus         Judge Richard T. Haik, Sr.

Grayson Space Inc.         Magistrate Judge C. Michael Hill

**MEMORANDUM RULING**

Before the Court is a Motion For Entry of Default Judgment pursuant to Federal Rule of Civil Procedure 55(b)(2) filed by plaintiffs, Wilkinson Rental Tools, LLC ("Wilkinson") and Succession of Merwin Hale Wilkinson, Jr., through its administrator Charles R. Minyard (collectively referred to as "plaintiffs"), against Grayson Space, Inc. ("Grayson") [Rec. Doc. 9].

*Background*

Plaintiffs filed this suit in order to obtain cancellation and release under a Promissory Note and Personal Guaranty and cancellation of an Aircraft Security Agreement ("Aircraft Lien") pertaining to a Robinson R44 Raven II Helicopter, FAA Reg. No. N944WT, Serial No. 10866 (the "Helicopter"), purchased by Wilkinson and financed by Grayson. *R. 1, Exh. B.* Wilkinson, as purchaser of the Helicopter, executed a Promissory Note and Helicopter Funding Agreement (the "Note") dated November 2, 2005 in the original amount of $266,000.00 which was guaranteed by Merwin Hale Wilkinson, Jr.[1] *R. 1, Exhs. A, B & C.* The Note expressly provided that the principal and interest was payable in monthly installments of $3,816.33 beginning on December 8, 2005, with a final balloon payment due on December 8, 2009. *R.1, Exh. A.*

After the Note was paid in full, plaintiffs sought cancellation of the Note and the

---

[1] Merwin Hale Wilkinson, Jr., deceased, is represented by his Succession Administrator, Charles R. Minyard.

Aircraft Lien by making amicable demand on Grayson—which was to no avail. Thereafter, plaintiffs instituted this lawsuit by verified Complaint on August 13, 2014. The Complaint was served on Grayson through its registered agent for service of process via Certified Mail, Return Receipt Requested on August 22, 2014. *R. 6*. The summons provided: "Within 21 days after service of this summons on you (not counting the day you received it) ... you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure." *Id.* No answer or motion was filed by Grayson within this time period. On September 15, 2014, plaintiffs filed a Motion for Entry of Default against Grayson, *R. 7*, and the Clerk of Court filed a "Notice Of Entry Of Default" into the record against Grayson on July 16, 2014, *R. 8*.

*Default Standard*

Under Federal Rule of Civil Procedure 55(b), the court may enter a default against a party if it fails to plead or otherwise respond to the plaintiff's complaint within the required time period. A plaintiff who seeks a default judgment must first petition the court for the entry of default and show "by affidavit or otherwise" that the defendant "has failed to plead or otherwise defend." Fed.R.Civ.P. 55(a). Once default has been entered, the plaintiff's well-pleaded factual allegations are deemed admitted. *Meyer v. Bayles*, 559 Fed.Appx. 312, at *1 (5th Cir. 2014) (citing *Nishimatsu Const. Co., Ltd. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir.1975)). At the same time, the defaulting defendant "is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Nishimatsu*, 515 F.2d at 1206.

Rule 55(b) grants a court discretion to convene an evidentiary hearing on the issue of damages. Fed.R.Civ.P. 55(b)(2)(B). Where "the amount claimed is a liquidated sum or one capable of mathematical calculation," a hearing is not necessary. *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir.1979). "The court may rely on detailed affidavits or

documentary evidence, supplemented by the judge's personal knowledge, to evaluate the proposed sum." *Richardson v. Salvation Army, Southern Territory, USA*, 161 F.3d 7 (5th Cir.1998). The Court finds the damages here are readily capable of mathematical calculation from plaintiff's affidavits, thus making an evidentiary hearing unnecessary.

*Analysis*

Plaintiffs have attached the Affidavit of Charles Williams, CEO of Wilkinson Rental Tools, LLC, in support of their entitlement to the relief sought. Williams states that the principle and interest owed on the helicopter, $355,941.48, has been paid in full—Promissory Note, $266,000.00, plus interest, $89,941.48. Exhibit A to the Affidavit establishes that plaintiffs made 56 monthly payments of $3,816.33 each from December 1, 2005 through August 26, 2010, for a total of $213,714.48, in addition to a June 14, 2012 payment of $35,000.00 and wire transfers of $40,000.00 and $67,229.46, on December 14, 2013 and February 28, 2014, respectively, for a total of $355,941.48.[2] Thus, as the record provides that all monies owed to Grayson Space, Inc. have been fully paid by Wilkinson Rental Tools, LLC, the Court will enter a judgment ordering the following: (1) satisfaction and cancellation of the Promissory Note dated November 2, 2005 in the amount of $266,000; (2) cancellation and release of the Federal Aviation Lien and Security Agreement/Aircraft Lien executed November 8, 2005, recorded with the FAA on August 28, 2014; (3) cancellation and release of any and all guarantees under the applicable Promissory Note and Helicopter Funding Agreement; and (4) declaration that the said Aircraft Lien is null and void.

_____
Richard T. Haik, Sr.
United States District Judge

---

[2] The Affidavit indicates that the June 14, 2012 check and the wire transfers were made in order to replace certain monthly payment checks held or lost by Grayson. *R. 9-2.*